FRANK STEINBERG et al., Appellants, v. RAPHAEL BELTRAN, Respondent.— In an action to recover damages for injury to person sustained by plaintiff Steinberg and for damage to property sustained by both plaintiffs, plaintiffs appeal from so much of an order of the Supreme Court, Kings County, dated December 6, 1961, as, upon reconsideration of their prior motion for a preference

in trial under the then rule 9 of the Kings County Supreme Court Rules, adhered to the decision on such prior motion and again denied said motion. Order, insofar as appealed from, reversed with $10 costs and disbursements, and motion for preference in trial granted. Plaintiff Steinberg was involved in an automobile accident while operating a taxicab owned by him and by coplaintiff Zaintz. Plaintiff Steinberg is a resident of Queens County, plaintiff Zaintz is a resident of Kings County, and defendant is a resident of Bronx County. The first cause of action is one by plaintiff Steinberg to recover damges for personal injuries resulting in permanent or protracted disability. The second cause of action is one by both plaintiffs to recover $3,500 for damage to the taxicab. Plaintiff Steinberg made a prima facie showing as to damages and injuries sufficient to be entitled to a rule 9 preference if the plaintiffs complied with the residence requirements specified in the rule. In our opinion they complied with the residence requirements, since one of them was a resident of Kings County; that is all the rule required at the time the motion was made and decided. The Special Term undoubtedly was vested with discretion to deny the preference if it appeared that a resident was joined as a plaintiff primarily to qualify another plaintiff for a preference under the rule. But here it would appear that the resident plaintiff was joined in good faith as a matter of necessity. Under the circumstances it was an improvident exercise of discretion to deny the rule 9 preference. Beldock, P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.